UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CHRIST,<br><br>  Plaintiff,<br><br>  v.<br><br>DONALD JOHN TRUMP,<br><br>  Defendant. | Case No. 21-cv-07140-TSH<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT & RECOMMENDATION** |

## I.  INTRODUCTION

Plaintiff Jesus Christ (a.k.a. Michelle Yvonne Wood) brings this case against Former President Donald Trump for "Violation of the U.S. Constitution and Endangerment of the American People." ECF No. 1. Plaintiff also seeks leave to proceed in forma pauperis. ECF No. 2. For the reasons stated below, the Court **GRANTS** the application but finds the complaint fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e). As not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Court requests this case be reassigned to a District Judge, with the recommendation that the complaint be dismissed without leave to amend.

## II.  BACKGROUND

Plaintiff alleges "the entire United States of America were affected by Mr. Trump's crime." Compl. at 3. Plaintiff does not specify the "crime," but asks the Court to "restrict Mr. Trump from organizing other people to perpetrate destructive behavior such as denying people their freedom of speech . . ., sabotaging and attempting to overthrow the government (his assault against the Capitol) and the building of infrastructure that damages the environment." *Id.* at 7.

1  Plaintiff also alleges Defendant violated the United States Constitution by changing laws without
2  the power to do so. *Id.* Plaintiff requests the Court "have Mr. Trump put on a 5[1]50 psychiatric
3  hold at Saint Francis hospital because he is suicidal. I want him to be in good psychological shape
4  when I prosecute him in court." *Id.* at 8. Plaintiff also asks: "Would it be possible for me to go to
5  dialysis on Tuesdays during the trial?" *Id.*

### III.   IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that Plaintiff's assets and income are insufficient to enable payment of the fees. Accordingly, the Court **GRANTS** Plaintiff's application.

### IV.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

#### A.   Legal Standard

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

### 1. Frivolousness

"'A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325). The definition of frivolousness "embraces not only the arguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has " 'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning it "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327). Frivolous claims include "'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Id.* (quoting *Neitzke*, 490 U.S. at 328). "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

### 2. Failure to State a Claim

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The

3

1  complaint need not contain "detailed factual allegations," but the plaintiff must "provide the
2  grounds of his entitle[ment] to relief," which "requires more than labels and conclusions"; a mere
3  "formulaic recitation of the elements of a cause of action" is insufficient.  *Twombly*, 550 U.S. at
4  555.

5  In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily
6  limited to the face of the complaint.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980
7  (9th Cir. 2002).  Factual allegations in the complaint must be taken as true and reasonable
8  inferences drawn from them must be construed in favor of the plaintiff.  *Cahill v. Liberty Mut. Ins.
9  Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The court cannot assume, however, that "the [plaintiff]
10 can prove facts that [he or she] has not alleged."  *Assoc. Gen. Contractors of Cal., Inc. v. Cal.
11 State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "Nor is the court required to accept as
12 true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
13 inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.     Application**

Plaintiff's claims are frivolous.  Plaintiff's allegations that "the entire United States of America were affected by Mr. Trump's crime," and that the Court should restrict him "from organizing other people to perpetrate destructive behavior" and "have Mr. Trump put on a 5[1]50 psychiatric hold at Saint Francis hospital because he is suicidal" "fall further out on the spectrum past implausible and toward the delusional, and the undersigned finds that they are frivolous." *Spitters v. Miceli*, 2018 WL 6816110, at *5 (N.D. Cal. Sept. 24, 2018), *report and recommendation adopted*, 2018 WL 6822626 (N.D. Cal. Oct. 15, 2018) (dismissing as frivolous complaint where plaintiff alleged, among other things that defendant was a super-spy and an assassin who was using a fabricated identity to "get at" him).

Even if the Court were to consider Plaintiff's claims on their merits, the Supreme Court has recognized "absolute Presidential immunity from damages and liability for acts within the 'outer perimeter' of [the President's] official responsibility." *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982); *Clinton v. Jones*, 520 U.S. 681, 693 (1997).  As Plaintiff's claims are based on Former President Trump's actions as President, they are barred by absolute immunity.

4

Accordingly, the undersigned recommends Plaintiff's complaint be dismissed.

### V. CONCLUSION

Based on the analysis above, the Court **GRANTS** the application to proceed in forma pauperis. As not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: September 17, 2021

THOMAS S. HIXSON
United States Magistrate Judge